Loomis, Appellant, vs. Loomis, Respondent.

*February 21—March 12, 1912.*

*Separate judgments in one action: Appeal: Immaterial errors.*

One of two defendants who were entitled to a judgment in their favor had a judgment entered in his favor, ignoring the rights of the other, and a separate judgment was afterwards entered in favor of the other. Upon appeal the latter judgment is affirmed, this court being equally divided upon the question whether the error in entering such second judgment was one affecting the substantial rights of the plaintiff.

APPEAL from a judgment of the circuit court for Washburn county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the briefs of *A. L. Bugbee,* and for the respondent on the brief of *W. N. Fuller.*

BARNES, J.   The facts pertaining to the appeal are fully stated in *Loomis v. Besse,* decided herewith (*ante,* p. 647). Whether or not the complaint stated a cause of action against the above named defendant is now wholly immaterial.  The plaintiff sought to recover damages against the two defendants for a single wrong.   A jury has passed upon that issue in the *Besse Case* and has awarded plaintiff what it deemed to be full compensation for that wrong.   That judgment has been paid by offsetting the nominal damages recovered against the costs awarded to Besse.   Plaintiff apparently made no objection to such offset.   Manifestly, the plaintiff's cause of action is thereby extinguished, and no further right of action exists against the defendant *Loomis.*  Cooley, Torts (3d ed.) 233 *et seq.,* and cases cited in note 71, p. 233, note 78, p. 234, and note 79, p. 235.   So it is a moot question whether or not the complaint states a cause of action against *Loomis.*   Plaintiff, however, insists that there was no warrant in law for the

entry of this second judgment and that therefore it must be reversed.

Justice VINJE was disqualified from sitting in this case. The Chief Justice, Justice MARSHALL, and the writer are of the opinion that the fact that the *Loomis* judgment was entered separately is an error in procedure which does not affect the substantial rights of the party seeking to reverse the judgment, and that therefore the error should be regarded as immaterial under sec. 3072*m*, Stats. (Laws of 1909, ch. 192). Justices SIEBECKER, KERWIN, and TIMLIN are of the opinion that the failure to conform to statutory provisions such as those contained in secs. 2882 and 2883, Stats. (1898), cannot be considered an immaterial error, and that as to an error such as that complained of sec. 3072*m* has no application; and furthermore, that the substantial rights of the appellant were injuriously affected by the second judgment because it. necessitated incurring the extra expense of taking two appeals instead of one, which would be wholly lost if the judgment were affirmed. This judgment must therefore be affirmed *ex necessitate* and without any discussion save a bare statement of the lines of reasoning which led to the division indicated.

*By the Court.*—Judgment affirmed.

VINJE, J., took no part.